CLARK, J.,
additionally concurs and assigns reasons.
I additionally concur in the denial of the writ application for the reasons assigned by Justice Crichton. The juror made clear in his post conviction testimony that the CPCPL investigators were unwanted and unannounced guests, As the juror explained, he is the type who reads what he signs, but in this case he failed to because “I wanted them out of my house.” I, too, am troubled by CPCPL’s conduct in this case.
CRICHTON, J., additionally concurs and assigns reasons.
I agree with the decision to deny the writ application in this matter. I write separately to emphasize that I agree with the district court’s admonishment to the Capital Post Conviction Project of Louisiana (CPCPL) regarding the “recklessness of bringing unfounded claims” during post-conviction relief proceedings and using “questionable” and “unsworn” documents to support their “unsubstantiated claims.” See Rules of Prof. Conduct R. 3.1, 3.3(a)(l)-(3).
I am also troubled about evidence in the record indicating that'a person affiliated with CPCPL appeared unannounced at a juror’s home, at night, years after the case concluded. In my view, these actions could constitute violations of the Rules of Professional Conduct, which expressly prohibit coercive and harassing behavior. See R. 3.5(c)(3) (“A lawyer shall not communicate with a juror or prospective juror after discharge of the jury if: the communication involves misrepresentation, coercion, duress or harassment.”).